## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| COTY MITCHELL AND CLYDELYNN MITCHELL | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. _____ |
| STATE FARM LLOYDS AND LAURIN LINSON | § § § | JURY DEMAND |
| Defendants. | § § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, State Farm Lloyds ("State Farm" or "Defendant") files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

1.      On February 9, 2015, Plaintiffs Coty Mitchell and Clydelynn Mitchell ("Plaintiffs") filed their Original Petition in the matter styled *Coty Mitchell and Clydelynn Mitchell v. State Farm Lloyds and Laurin Linson*, Cause No. 096-276812-15, in the 96th Judicial District Court of Tarrant County, Texas.  The lawsuit arises out of a claim Plaintiffs made for damages to their home under a homeowner's insurance policy with State Farm.

2.      Plaintiffs served State Farm with a copy of the Original Petition on or about February 18, 2015. Upon information and belief, Defendant Laurin Linson has not been served.

3.      State Farm files this notice of removal within 30 days of receiving Plaintiffs'

pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one

year of the commencement of this action.

4.      All pleadings, process, orders, and other filings in the state court action are

attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also

concurrently being filed with the state court and served upon the Plaintiffs.

5.      As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules,

simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an

Index of State Court Documents. Attached as Exhibit "B" is a copy of the Docket Sheet. A copy

of Plaintiffs' Original Petition is attached here to as Exhibit "C," and a copy of the citation to

Laurin Linson is attached as Exhibit "D." The citation to State Farm is attached as Exhibit "E,"

and State Farm's Answer is attached as Exhibit "F." Finally, State Farm's Certificate of

Interested Persons is attached as Exhibit "G."

6.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and

division embrace Tarrant County, Texas, the place where the removed action has been pending

and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a),

1441(a) and 1446.

## A.      The Proper Parties Are Of Diverse Citizenship.

8.      Plaintiffs are, and were at the time the lawsuit was filed, residents and citizens of

Texas. *See* Pls.' Original Pet., Exhibit C, Pg. 1.

9.      Defendant State Farm is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania.  Therefore, State Farm is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

10.     Upon information and belief, Defendant Linson is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Linson, it is State Farm's position that Linson has been fraudulently joined in this action.  Therefore, the Texas citizenship of Linson should be disregarded for the purposes of evaluating diversity in this matter.

11.     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12.     Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Linson because no real facts relating to Linson have been set forth.   Plaintiffs' claims against Linson consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiffs cannot "establish a cause of action against [Linson] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Plaintiffs' counsel is simply pleading allegations with the intent of trying to prevent removal to federal court. Linson's presence should be disregarded in determining diversity jurisdiction.

13.     Because Plaintiffs are citizens of Texas and Defendant State Farm is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists among the proper parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

14.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs' Petition expressly alleges that "Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00." *See* Exhibit C, § VIII. Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## III.
## CONCLUSION & PRAYER

15.     All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.

Accordingly, State Farm hereby removes this case to this Court for trial and determination.


Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Courtney C. Kasper
State Bar No.: 24078771

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  ckasper@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**STATE FARM LLOYDS**


## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of March, 2015, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Jacey Hornecker
Speights & Worrich
1350 North Loop 1604, East 104
San Antonio, Texas  78232
            *Counsel for Plaintiffs*


/s/ Rhonda J. Thompson
Rhonda J. Thompson