FILED
TARRANT COUNTY
2/9/2015 2:30:29 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-276812-15 _____

| | | |
|---|---|---|
| COTY MITCHELL AND CLYDELYNN MITCHELL | § § § | IN THE DISTRICT COURT |
| V. | § § § | ____ JUDICIAL COURT |
| STATE FARM LLOYDS AND LAURIN LINSON | § § § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Coty Mitchell and Clydelynn Mitchell, hereinafter referred to as "Plaintiff," complaining of Defendants, State Farm Lloyds and Laurin Linson (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Coty Mitchell and Clydelynn Mitchell, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a Texas domestic Lloyds plan insurance company that, on information and belief, is licensed to conduct the business of insurance in the State of Texas and/or has it's principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. It can be served with citation by serving



EXHIBIT

C

its its registered agent, Rendi Black c/o State Farm, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, Texas 75252-5727.

Defendant, Laurin Linson ("Linson"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 312 Ferguson Road, Palestine, Texas 75803, or wherever else she may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Tarrant County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.    Plaintiffs are the owners of insurance Policy Number 58-B8-G884-9 issued by Defendant, State Farm (hereinafter referred to as the "Policy").

B.    Plaintiffs owned the insured property, which is specifically located at 3420 Pueblo Ridge, Grand Prairie, Texas 75052 on October 2, 2014 (hereinafter referred to as the "Property").

096-276812-15

C.  Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.  On or about October 2, 2014, a wind and hailstorm struck the Grand Prairie, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.  Plaintiffs submitted a claim to State Farm against the Policy for roof damage the Property sustained as a result of the wind and hailstorm. Plaintiffs asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.  Defendants have assigned claim number 43534L379 to Plaintiff's claim.

G.  Defendant Linson was the agent for State Farm and represented State Farm in regard to Plaintiffs' claim. Linson also adjusted the Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim. As such, Linson acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claim. Therefore, Linson is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Linson acted as the agent and representative for State Farm in this claim.

H.  Defendant Linson improperly adjusted the Plaintiffs' claim. Defendant Linson conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages.[1] Her estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Linson misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage

---

[1] *See Exhibit A: Defendant Linson's Adjustment Report Dated October 13, 2014.*

096-276812-15

for Plaintiffs' claim/loss under Plaintiffs' insurance policy.[2] Linson made these and other misrepresentations to Plaintiffs as well as to State Farm. Plaintiffs and State Farm both relied on Linson's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Linson's misrepresentations caused State Farm to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' property. This has caused additional, further damage to Plaintiffs' property. Linson also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property.[3] This advice was negligent and false because it turns out Plaintiffs could not properly repair their Property and prevent future damage by following Linson's advice. Plaintiffs' Property has sustained further damages as a result.

I.     Defendants State Farm and Linson misrepresented that the damages caused by the wind and hailstorm were only $2,248.22.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $19,000.00.

J.     Defendants State Farm and Linson failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

K.    These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

L.  Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

M.  Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

N.  Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.  Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.  Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

Q.   Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.   Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full

payment for their claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.      From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

X.      Plaintiffs' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract Against State Farm**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, State Farm has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the

096-276812-15

wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, and forms that they reasonably believed at that time would be required from Plaintiffs for Plaintiffs' claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiffs are consumers of goods and services

provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

096-276812-15

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D.  Cause of Action for Unfair Insurance Practices Against State Farm and Linson

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to

096-276812-15

bringing this cause of action.  By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.  They further include Defendants' failure to give Plaintiffs the benefit of the doubt.  Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.  Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

096-276812-15

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.  By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

**F.  Cause of Action for Fraud Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action.  The Defendants, jointly and severally, made false representations and/or false promises to Plaintiffs.  These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiffs would rely, and upon which Plaintiffs did reasonably rely to their detriment.  The

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiffs into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiffs' claim. As a result of the material misrepresentations and omissions upon which Plaintiffs detrimentally relied, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiffs seek herein, as a result of the Defendants' fraud, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

**G.   Cause of Action for Conspiracy Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

096-276812-15

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiffs of the benefit and coverage of the insurance Policy that they purchased; and Plaintiffs suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' conspiracy as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H.  Cause of Action for Aiding and Abetting Against State Farm and Linson**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiffs, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiffs as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiffs, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The

other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiffs as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiffs seek, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

**I. Cause of Action for Negligence and Gross Negligence Against Linson**

Plaintiffs reallege and incorporate by reference all previous paragraphs and allegations herein.

The Defendant Linson was negligent in giving advice to Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. This advice as to how to repair Plaintiffs' Property was negligent because Plaintiffs could not properly repair their Property and prevent future damage by following Linson's advice. Plaintiffs' Property has sustained further damages as a result. Linson owed a duty to use reasonable care when she

096-276812-15

undertook to advise the Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. Defendant Linson breached this legal duty. The breach proximately caused injury to the Plaintiffs.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Linson.

### J. Cause of Action for Negligent Misrepresentation Against Linson

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Linson constitute negligent misrepresentations that have caused damages to Plaintiffs. Defendant Linson made representations to Plaintiffs in the course of Plaintiffs' business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiffs. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs. Plaintiffs justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiffs' Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Linson.

Plaintiffs seek herein, as a result of Defendant's negligent misrepresentations, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental

096-276812-15

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

096-276812-15

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

096-276812-15

### XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
JACEY HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

096-276812-15

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*
 StateFarm

October 13, 2014

Clydelynn Mitchell
3420 Pueblo Rdg
Grand Prairie TX  75052-7869

**State Farm Claims**
P.O. Box 2323
Bloomington IL 61702-2323

RE:   Claim Number:      43-534L-379
      Policy Number:     58B8G8849
      Date of Loss:      October 02, 2014

Dear Clydelynn Mitchell:

Thank you for the opportunity to discuss your loss at the above address on 10/13/2014.

State Farm® agrees there is covered damage caused by wind to the areas which we have itemized in our estimate. Please note, the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $3734.33 |
| Less Depreciation | $1778.38 |
| Less Deductible: | $2215 |
| **Total Payable** | $33.22 |

Enclosed is our payment of $33.22 in payment of your above referenced claim. I have also enclosed a copy of the building estimate for your reference.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have questions or need assistance, please call (866) 787-8676 Ext. 2749 and leave a voice mail message. We will return your call as soon as possible. Our centralized claim operation is also available to provide assistance. They can be reached at 877-783-1200.



EXHIBIT
A

43-534L-379                    096-276812-15
Page 2
October 13, 2014

Sincerely,


Darryl W Simmons
Independent Adjuster
(866) 787-8676 Ext. 2749
Fax:    (877) 732-6556

State Farm Lloyds

096-276812-15


StateFarm

# *Summary of Loss*

Named Insured:  Clyde Lynn Mitchell

Claim Number:  43-534L-379

**Coverage A - Dwelling**                    Limit of Liability: $ _____
**Coverage A - Dwelling Extension**          Limit of Liability: $ _____

Description                                                    Amount
State Farm Estimate                                        $ ____ 3,734.33

                                          Total Coverage A: $ _____ 3,734.33

**Coverage B - Personal Property**           Limit of Liability: $ _____

Description                                                    Amount
Xactcontents                                              $ ____ 324.75

                                          Total Coverage B: $ _____ 324.75

**Coverage C - Loss of Use**                 Limit of Liability: $ _____

                                          Total Coverage C: $ _____ 0.00

**Other Coverages (if applicable)**

                            Total Other Coverages (if applicable): $ _____ 0.00

**Payments Made**

**Comments / Supplements:**

| | |
|---|---|
| Coverage A+B+C Total: $ | 4,059.08 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 4,059.08 |
| Less Recoverable Dep. Cov. A: $ | 0.00 |
| Paid When Incurred: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. A: $ | 1,778.38 |
| Less Recoverable Dep. Cov. B: $ | 32.48 |
| Less Non-Recoverable Dep. Cov. B: $ | 0.00 |
| Subtotal: $ | 2,248.22 |
| Less Deductible: $ | 2,215.00 |
| Less Amounts Over Limit(s): $ | 0.00 |
| Less Ordered Items: $ | 0.00 |
| Less Owner Retained Salvage: $ | 0.00 |
| Total Payable: $ | 33.22 |
| Less Total Payments Made: $ | |

096-276812-15

|  | 0.00 |
|---|---|
| Net Payment: $ | 33.22 |

Darryl W Simmons                    10/13/2014
Signature                          Date

*Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation
listed above for Cov.A and Cov. B. for your Building and Personal Property.
Please refer to your policy for specific time limits and additional settlement provisions.
Please contact your claim representative if you have any questions.*

096-276812-15



### State Farm
### P.O. Box 2323
### Bloomington, IL 61702-2323
### Fax: 1-877-732-6556

| | | | |
|---|---|---|---|
| Insured: | MITCHELL, CLYDELYNN | Estimate: | 43-534L-379 |
| Property: | 3420 Pueblo Rdg | Claim Number: | 43534L379 |
| | Grand Prairie, TX 75052-7869 | Policy Number: | 58-B8-G884-9 |
| Home: | 817-557-0389 | Price List: | TXDF8X_OCT14 |
| Business: | 817-568-5710 | | Restoration/Service/Remodel |
| Cellular: | 936-332-3051 | | |
| Type of Loss: | Wind Damage | | |
| Deductible: | $0.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 10/13/2014 | | |

### Summary for Coverage B - Personal Property - 36 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 300.00 |
| Material Sales Tax | 24.75 |
| Replacement Cost Value | 324.75 |
| Less Depreciation (Including Taxes) | (32.48) |
| Less Deductible | (0.00) |
| Net Actual Cash Value Payment | $292.27 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 32.48 | |
| Replacement Cost Benefits | | 32.48 |
| Total Maximum Additional Amount Available If Incurred | | 32.48 |
| Total Amount of Claim If Incurred | | $324.75 |

Linson, Laurin

## ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.

Important Information
Additional Payments May Be Available
Replacement Cost - Personal Property

Your policy may provide for additional payments on a replacement cost basis for some of your personal property items.

The personal property items must be repaired or replaced within a specified period of time in order to present a claim for additional payments on a replacement cost basis. Please refer to your policy for specific time limits and additional settlement provisions. Following repair or replacement, please submit your documentation to us referring to the claim number and item number.

096-276812-15
**State Farm**

If an insured replaces a lost or damaged item, replacement cost benefits may be paid. If the item has not been replaced, the claim will be paid based on actual cash value. Actual cash value (ACV) is calculated by determining the replacement cost (RC) of the item and then subtracting depreciation (ACV = RC - Depreciation). The amount of the depreciation is based on age, condition, quality, and use of the property at the time of the loss.

The item's effective age is used in calculating depreciation. If the item's condition is classified as normal use, then the effective age is the same as the actual age. If the heavy use or light use is selected for the item's condition, the effective age of the item is determined by adjusting the actual age by a factor of 1.4 for heavy use and .6 for light use. As a result, an item that is 10 years old with heavy use has an effective age of 14 years (10 years x 1.4). An item that is 10 years old with light use has an effective age of 6 years (10 years x .6).

Regardless of the age, if an item is useable for its intended purpose, depreciation does not exceed 80%. If the item is replaced within the time allowed by the policy, the depreciation previously deducted may be paid up to the amount spent to replace the item or the agreed upon replacement cost for that item, whichever is less. All the terms and conditions of the insurance policy apply.

If you have any questions regarding the amount of depreciation, or any other information in this report, please contact your claim handler.

096-276812-15
State Farm

MITCHELL, CLYDELYNN                                                                        43-534L-379

43-534L-379

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Books | 1.00 EA | 300.00 | 24.75 | 324.75 | (32.48) | 292.27 |
| Total: 43-534L-379 | | | 24.75 | 324.75 | 32.48 | 292.27 |
| Line Item Totals: 43-534L-379 | | | 24.75 | 324.75 | 32.48 | 292.27 |

**Grand Total Areas:**



**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

43-534L-379

 **State Farm**          **Building Estimate Summary Guide**

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

---

### State Farm Insurance

| | | |
|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: 00-0000-000 |
| Property: | 1 Main Street | Claim number: 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: 00-00-0000-0 |
| Type of Loss: | Other | Price List: ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | Restoration/Service/ Remodel |
| | | F = Factored In, |
| | | D = Do Not Apply |

#### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | _____ |
| Net Actual Cash Value Payment [6] | | | _____ |

#### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | _____ | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | _____ |
| Total Maximum Additional Amounts Available If Incurred [8] | | _____ |
| Total Amount of Claim if Incurred [9] | | _____ |

_____

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

---

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for *labor minimums*. *Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

---

State Farm
096-276812-15

MITCHELL, CLYDELYNN                                                                                      43-534L-379

| | | | |
|---|---|---|---|
| Insured: | MITCHELL, CLYDELYNN | Estimate: | 43-534L-379 |
| Property: | 3420 Pueblo Rdg | Claim Number: | 43534L379 |
| | Grand Prairie, TX 75052-7869 | Policy Number: | 58-B8-G884-9 |
| Home: | (817) 557-0389 | Price List: | TXDF28_OCT14 |
| Business: | (817) 568-5710 | | Restoration/Service/Remodel |
| Cellular: | (936) 332-3051 | | |
| Type of Loss: | Wind Damage | | |
| Deductible: | $2,215.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 10/13/2014 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 3,627.92 |
| Material Sales Tax | 106.41 |
| Replacement Cost Value | 3,734.33 |
| Less Depreciation (Including Taxes) | (1,778.38) |
| Less Deductible | (2,215.00) |
| Actual Cash Value Total | (259.05) |
| Net Actual Cash Value Payment | $0.00 |

Linson, Laurin
(855) 283-0441 x 9726571858
Simmons, Darryl

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

**State Farm**

096-276812-15

MITCHELL, CLYDELYNN

43-534L-379

Dwelling

Dwelling Exterior



**Dwelling Roof**

3,366.46  Surface Area
258.98  Total Perimeter Length
126.06  Total Hip Length

33.66  Number of Squares
36.45  Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. R&R 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 18.00 EA | 12.79 | 2.15 | 232.37 | | 232.37 |

*The above line item to address 13 shingles on the front slope, 4 shingles on the right slope, and 1 shingle on the rear slope*

| 2. Roofer - per hour | 2.00 HR | 75.31 | 0.00 | 150.62 | | 150.62 |

*For height and pitch*

| Totals: Dwelling Roof | | | 2.15 | 382.99 | 0.00 | 382.99 |

**Front Elevation**

0.00  SF Walls
0.00  SF Floor
0.00  SF Long Wall

0.00  SF Ceiling
0.00  SF Short Wall

0.00  SF Walls & Ceiling
0.00  LF Floor Perimeter
0.00  LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |
| Totals: Front Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Right Elevation**

0.00  SF Walls
0.00  SF Floor
0.00  SF Long Wall

0.00  SF Ceiling
0.00  SF Short Wall

0.00  SF Walls & Ceiling
0.00  LF Floor Perimeter
0.00  LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |

State Farm
096-276812-15

MITCHELL, CLYDELYNN                                                    43-534L-379

CONTINUED - Right Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Totals: Right Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Rear Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |
| Totals: Rear Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Left Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |
| Totals: Left Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

Area Totals: Dwelling Exterior

| 1,547.57 Exterior Wall Area | | |
|---|---|---|
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| Total: Dwelling Exterior | | | 2.15 | 382.99 | 0.00 | 382.99 |
|---|---|---|---|---|---|---|

Area Totals: Dwelling

| 1,547.57 Exterior Wall Area | | |
|---|---|---|
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| Total: Dwelling | | | 2.15 | 382.99 | 0.00 | 382.99 |
|---|---|---|---|---|---|---|

MITCHELL, CLYDELYNN                                                              43-534L-379

## Grand Total Areas:

1,547.57  Exterior Wall Area

3,366.46  Surface Area                33.66  Number of Squares          517.97  Total Perimeter Length
   36.45  Total Ridge Length         126.06  Total Hip Length

State Farm
096-276812-15

MITCHELL, CLYDELYNN                                                                                43-534L-379

CONTINUED - Right Elevation

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Right Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

**Rear Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| *No storm damage* | | | | | |
| Totals: Rear Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

**Left Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| *No storm damage* | | | | | |
| Totals: Left Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

Area Totals:  Dwelling Exterior

| | | |
|---|---|---|
| 1,547.57 Exterior Wall Area | | |
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| Description | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Total: Dwelling Exterior | | 2.15 | 382.99 | 0.00 | 382.99 |

Area Totals:  Dwelling

| | | |
|---|---|---|
| 1,547.57 Exterior Wall Area | | |
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| Description | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Total: Dwelling | | 2.15 | 382.99 | 0.00 | 382.99 |

096-276812-15

State Farm

### Grand Total Areas:

1,547.57  Exterior Wall Area

3,366.46  Surface Area                    33.66  Number of Squares          517.97  Total Perimeter Length
   36.45  Total Ridge Length             126.06  Total Hip Length



Dwelling Roof

R8 (3)

R9 (2)

R4 (1)

R3 (4)

096-276812-15

Dwelling Exterior

State Farm
096-2768T2-15

MITCHELL, CLYDELYNN                                                                    43-534L-379

---

Fencing

|  | 0.00 SF Walls | | 0.00 SF Ceiling | | 0.00 SF Walls & Ceiling | | |
|---|---|---|---|---|---|---|---|
|  | 0.00 SF Floor | | 0.00 SF Short Wall | | 0.00 LF Floor Perimeter | | |
|  | 0.00 SF Long Wall | | | | 0.00 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 3. R&R Wood fence 5'- 6' high - cedar | 54.50 LF | 28.37 | 62.05 | 1,608.22 | <1,286.58> | 321.64 |

*The above line item to address the shared left run of fencing*

| | | | | | | |
|---|---|---|---|---|---|---|
| 4. R&R Wood fence 5'- 6' high - cedar | 25.00 LF | 28.37 | 28.46 | 737.71 | <491.80> | 245.91 |

*For rear run of fence*

*The following line items to address repairs to the right run of fencing*

| | | | | | | |
|---|---|---|---|---|---|---|
| 5. R&R Post - wood - 4" x 4" fence grade cedar or equal | 6.00 EA | 60.26 | 12.51 | 374.07 | | 374.07 |
| 6. Wood fence 5' - 6' high - Detach & reset - per 8' section | 7.00 EA | 63.68 | 1.24 | 447.00 | | 447.00 |

| Totals:  Fencing | | | 104.26 | 3,167.00 | <1,778.38> | 1,388.62 |
|---|---|---|---|---|---|---|

Debris Removal

|  | 0.00 SF Walls | | 0.00 SF Ceiling | | 0.00 SF Walls & Ceiling | | |
|---|---|---|---|---|---|---|---|
|  | 0.00 SF Floor | | 0.00 SF Short Wall | | 0.00 LF Floor Perimeter | | |
|  | 0.00 SF Long Wall | | | | 0.00 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 7. Single axle dump truck - per load - including dump fees | 1.00 EA | 184.34 | 0.00 | 184.34 | | 184.34 |

| Totals:  Debris Removal | | | 0.00 | 184.34 | 0.00 | 184.34 |
|---|---|---|---|---|---|---|

| Line Item Totals:  43-534L-379 | | | 106.41 | 3,734.33 | <1,778.38> | 1,955.95 |
|---|---|---|---|---|---|---|