**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 1 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

|  |  |  |
|---|---|---|
| COTY MITCHELL and | § | |
| CLYDELYNN MITCHELL | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:15-CV-181-A |
| V. | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE McBRYDE:

NOW Comes Coty Mitchell and Clydelynn Mitchell, hereinafter referred to as "Plaintiffs," complaining of State Farm Lloyds and hereby respectfully shows unto the Court and Jury as follows:

### I. THE PARTIES

Plaintiffs, Coty Mitchell and Clydelynn Mitchell, are individuals and residents of Texas.

Defendant, State Farm Lloyds (hereinafter referred to as "Defendant" or "State Farm"), is on information and belief, a Texas domestic Lloyd's plan insurance company licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. State Farm has already made an appearance herein.

### II. JURISDICTION AND VENUE

Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.

Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### III. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### IV. FACTS

A.   Plaintiffs are the owners of insurance Policy Number 58-B8-G884-9 issued by Defendant, State Farm (hereinafter referred to as the "Policy").

B.   Plaintiffs owned the insured property, which is specifically located at 3420 Pueblo Ridge, Grand Prairie, Texas 75052 on October 2, 2014 (hereinafter referred to as the "Property").

C.   Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.   On or about October 2, 2014, a wind and hailstorm struck the Grand Prairie, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.   Plaintiffs submitted a claim to State Farm against the Policy for roof damage the Property sustained as a result of the wind and hailstorm.  Plaintiffs asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   Defendants have assigned claim number 43534L379 to Plaintiffs' claim.

G.   State Farm assigned adjuster Laurin Linson ("Linson") to investigate Plaintiffs' claim.  Linson acted as State Farm's agent in handling Plaintiff's claim.

H.   Linson inspected Plaintiffs' Property on October 13, 2014.  After inspecting the Property, she drafted a "Building Estimate."[1]  In the estimate, Linson misrepresented that the only damage to Plaintiffs' Property was to a few shingles on the roof and a small portion of the wood fencing,

---

[1] *See* Building Estimate, attached as Exhibit A.
[2] *See* Public Adjuster's Adjustment Report, attached as Exhibit D, at 9-16; *See also* Plaintiffs' Photos, attached as

even though it was apparent from the wind and hail damage to the roof that interior water damage was expected.[2]

I.   Relying upon Linson's Final Report, State Farm determined that the damages caused by the wind and hailstorm were only $3,734.33.  On or about October 13, 2014, Linson, acting as a State Farm claim representative, sent Plaintiffs a letter with a payment amount of $33.22 in satisfaction of Plaintiffs' claim.[3]

J.   After State Farm wrongfully underpaid Plaintiffs' claim, Plaintiffs were forced to hire a public adjuster to assist them with their claim.  The public adjuster inspected the Property on or about October 25, 2014 and found extensive wind damage to all slopes of the roof, as well as hail damage to the air conditioning unit and wind damage to the fencing of the Property.[4]  The public adjuster estimated that the cost to repair Plaintiffs' wind and hailstorm damages exceeded $19,000.00.[5]  This amount included replacement of the entire roof.

K.   After Plaintiffs received the estimate for repairs, Plaintiffs suffered water intrusion into their home in several rooms as a result of the roof damage caused by the wind and hailstorm and their inability to repair the roof due to State Farm's underpayment of their claim.[6]  As a result, Plaintiffs retained the undersigned counsel to assist them with their wind and hailstorm claim.

L.   Without limitation, Linson, acting on behalf of State Farm, misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy.[7]  Linson made these and other misrepresentations to Plaintiffs as well as to Defendant, State Farm. Plaintiffs and State Farm both relied on their misrepresentations, including but not limited to those regarding the

---

[2] *See* Public Adjuster's Adjustment Report, attached as Exhibit D, at 9-16; *See also* Plaintiffs' Photos, attached as Exhibit C.
[3] *See* Letter dated October 13, 2014, attached as Exhibit B.
[4] *See* Exhibit D, at 9-16.
[5] *See id.,* at 1-8.
[6] *See* Exhibit C.
[7] *See* Exhibit A (misrepresenting the damages attributable to the wind and hailstorm were only $3,734.33).

cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Linson misrepresentations caused State Farm to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs have not been able to properly and completely repair the damages to their property, which in turn has caused additional and further water damage to Plaintiffs' property. Linson also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. This advice was negligent and false because it turns out Plaintiffs could not properly repair his Property and prevent future damage by following Linson's advice. Plaintiffs' Property have sustained further damages as a result.

M.   Defendant State Farm failed to properly adjust the claim and Defendant has underpaid the wind and hailstorm claim without ever performing an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

N.   Plaintiffs' claim still remains underpaid and the Plaintiffs still have not been able to properly repair the Property.

O.   These false representations allowed Defendant State Farm, to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

P.   Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant State Farm failed and refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant State Farm's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

Q.   Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation

of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

R.     Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

S.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

T.     Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

U.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

V.     Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

W.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for his claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

X.     From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Z.     Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## V. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property have been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its misrepresentations regarding coverage under Plaintiffs' Policy; (2) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (3) its failure to give Plaintiffs the benefit of the doubt, and (4) its failure to pay for the repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that their insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA. Namely, Defendant represented that Plaintiffs' Policy covered damage caused by a wind and hailstorm; yet Defendant's agent, Linson, never properly inspected Plaintiffs' property to determine the amount to repair the wind and hailstorm damages.

As described in this petition, Defendant represented to Plaintiffs that their insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA. Namely, Defendant represented that it would adjust their claim fairly and in good faith; yet, Defendant's agent, Linson

did not even bother to inspect the interior of the Property even though interior damage was probable due to the extensive wind and hailstorm damage to the roof.

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that their insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case.

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.     Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

More specifically:   (1) Defendant and its agent underpaid Plaintiffs' claim for wind and hailstorm damage; (2) Defendant misrepresented to Plaintiffs that it conducted a complete and reasonable investigation of their claim, yet Linson failed to find interior water damage to Plaintiff's Property due to the wind and hailstorm; (3) After additional covered damages were found at Plaintiffs' Property, Defendant did not have an adjuster return to Plaintiffs' Property to properly scope the extent of damage and create an estimate of repairs.

Defendant also breached the Texas Insurance Code when Defendant breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

## E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By Defendant's acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay adequate damages on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this underpayment. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire

claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

## VI. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of his claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief over $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## VIII. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## IX. EXEMPLARY DAMAGES

Defendant's above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. JURY DEMAND

Plaintiffs assert their right to a trial by jury.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By: _____

JACEY L. HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**SPEIGHTS AND WORRICH**
TWO TURTLE CREEK
3838 Oak Lawn Avenue, Suite 1000
Dallas, Texas 75219
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2015, a true and correct copy of the above and foregoing was served to all counsel of record in accordance with the Federal Rules of Civil Procedure:

Rhonda J. Thompson
R. Tate Gorman
Courtney C. Kasper
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201

JACEY L. HORNECKER

43-534L-379

## StateFarm    Building Estimate Summary Guide

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

### State Farm Insurance

| | | |
|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: 00-0000-000 |
| Property: | 1 Main Street | Claim number: 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: 00-00-0000-0 |
| Type of Loss: | Other | Price List: ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | Restoration/Service/ |
| | | Remodel |
| | | F = Factored In, |
| | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 |
| Less Non - recoverable Depreciation (Including Taxes) [7] | |
| Subtotal | 312.50 |
| General Contractor O&P on Depreciation | 166.50 |
| Less General Contractor O&P on Non - recoverable Depreciation | |
| Subtotal | |
| Total Maximum Additional Amounts Available If Incurred [8] | |
| Total Amount of Claim If Incurred [9] | |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF
YOUR POLICY.**

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for *labor minimums*. *Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount If Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim If Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred*.



# State Farm

MITCHELL, CLYDELYNN

43-534L-379

| | | | |
|---|---|---|---|
| Insured: | MITCHELL, CLYDELYNN | Estimate: | 43-534L-379 |
| Property: | 3420 Pueblo Rdg | Claim Number: | 43534L379 |
| | Grand Prairie, TX 75052-7869 | Policy Number: | 58-B8-G884-9 |
| Home: | (817) 557-0389 | Price List: | TXDF28_OCT14 |
| Business: | (817) 568-5710 | | Restoration/Service/Remodel |
| Cellular: | (936) 332-3051 | | |
| Type of Loss: | Wind Damage | | |
| Deductible: | $2,215.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 10/13/2014 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 3,627.92 |
| Material Sales Tax | 106.41 |
| Replacement Cost Value | 3,734.33 |
| Less Depreciation (Including Taxes) | (1,778.38) |
| Less Deductible | (2,215.00) |
| Actual Cash Value Total | (259.05) |
| Net Actual Cash Value Payment | $0.00 |

Linson, Laurin
(855) 283-0441 x 9726571858
Simmons, Darryl

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

**State Farm**

MITCHELL, CLYDELYNN

43-534L-379

**Dwelling**

**Dwelling Exterior**



**Dwelling Roof**

| | | |
|---|---|---|
| 3,366.46 Surface Area | | 33.66 Number of Squares |
| 258.98 Total Perimeter Length | | 36.45 Total Ridge Length |
| 126.06 Total Hip Length | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. R&R 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 18.00 EA | 12.79 | 2.15 | 232.37 | | 232.37 |

*The above line item to address 13 shingles on the front slope, 4 shingles on the right slope, and 1 shingle on the rear slope*

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 2. Roofer - per hour | 2.00 HR | 75.31 | 0.00 | 150.62 | | 150.62 |

*For height and pitch*

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Totals: Dwelling Roof | | | 2.15 | 382.99 | 0.00 | 382.99 |

**Front Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Totals: Front Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Right Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| *No storm damage* | | | | | | |

## State Farm

MITCHELL, CLYDELYNN

43-534L-379

### CONTINUED - Right Elevation

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Right Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

**Rear Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| *No storm damage* | | | | | |
| Totals: Rear Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

**Left Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| *No storm damage* | | | | | |
| Totals: Left Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

Area Totals: Dwelling Exterior

| | | |
|---|---|---|
| 1,547.57 Exterior Wall Area | | |
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Total: Dwelling Exterior | | 2.15 | 382.99 | 0.00 | 382.99 |

Area Totals: Dwelling

| | | |
|---|---|---|
| 1,547.57 Exterior Wall Area | | |
| 3,366.46 Surface Area | 33.66 Number of Squares | 517.97 Total Perimeter Length |
| 36.45 Total Ridge Length | 126.06 Total Hip Length | |

| | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Total: Dwelling | | 2.15 | 382.99 | 0.00 | 382.99 |

Date:   10/13/2014 11:17 AM

State Farm

43-534L-379

MITCHELL, CLYDELYNN

**Fencing**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall |  | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 3. R&R Wood fence 5'- 6' high - cedar | 54.50 LF | 28.37 | 62.05 | 1,608.22 | <1,286.58> | 321.64 |

*The above line item to address the shared left run of fencing*

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 4. R&R Wood fence 5'- 6' high - cedar | 25.00 LF | 28.37 | 28.46 | 737.71 | <491.80> | 245.91 |

*For rear run of fence*

*The following line items to address repairs to the right run of fencing*

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 5. R&R Post - wood - 4" x 4" fence grade cedar or equal | 6.00 EA | 60.26 | 12.51 | 374.07 |  | 374.07 |
| 6. Wood fence 5' - 6' high - Detach & reset - per 8' section | 7.00 EA | 63.68 | 1.24 | 447.00 |  | 447.00 |

| Totals: Fencing | | | 104.26 | 3,167.00 | <1,778.38> | 1,388.62 |
|---|---|---|---|---|---|---|

**Debris Removal**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall |  | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 7. Single axle dump truck - per load - including dump fees | 1.00 EA | 184.34 | 0.00 | 184.34 |  | 184.34 |

| Totals: Debris Removal | | | 0.00 | 184.34 | 0.00 | 184.34 |
|---|---|---|---|---|---|---|

| Line Item Totals: 43-534L-379 | | | 106.41 | 3,734.33 | <1,778.38> | 1,955.95 |
|---|---|---|---|---|---|---|

**State Farm**

MITCHELL, CLYDELYNN

43-534L-379

### Grand Total Areas:

1,547.57  Exterior Wall Area

| | | |
|---|---|---|
| 3,366.46  Surface Area | 33.66  Number of Squares | 517.97  Total Perimeter Length |
| 36.45  Total Ridge Length | 126.06  Total Hip Length | |

Dwelling Roof

R9 (2)

R3 (4)

R8 (3)

R4 (1)

Dwelling - Dwelling Exterior

*Providing Insurance and Financial Services*
*Home Office. Bloomington. IL*

≋ StateFarm

October 13, 2014

Clydelynn Mitchell
3420 Pueblo Rdg
Grand Prairie TX  75052-7869

**State Farm Claims**
P.O. Box 2323
Bloomington IL 61702-2323

RE:   Claim Number:        43-534L-379
      Policy Number:       58B8G8849
      Date of Loss:        October 02, 2014

Dear Clydelynn Mitchell:

Thank you for the opportunity to discuss your loss at the above address on 10/13/2014.

State Farm® agrees there is covered damage caused by wind to the areas which we have
itemized in our estimate. Please note, the claim adjustment for these covered damages reflects
the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $3734.33 |
| Less Depreciation | $1778.38 |
| Less Deductible: | $2215 |
| **Total Payable** | $33.22 |

Enclosed is our payment of $33.22 in payment of your above referenced claim. I have also
enclosed a copy of the building estimate for your reference.

Because we value you as a policyholder and appreciate your business, we want to ensure you
understand the coverage decision.

If you have questions or need assistance, please call (866) 787-8676 Ext. 2749 and leave a
voice mail message. We will return your call as soon as possible. Our centralized claim
operation is also available to provide assistance. They can be reached at 877-783-1200.



EXHIBIT
**B**

43-534L-379
Page 2
October 13, 2014

Sincerely,


Darryl W Simmons
Independent Adjuster
(866) 787-8676 Ext. 2749
Fax:    (877) 732-6556

State Farm Lloyds



EXHIBIT

C









**BC Claim Service**
**BC Claim Estimating Service**
**4601 Dogwood Dr.**
**Denton, TX 76208**
**11/6/2014**

| | | |
|---|---|---|
| Insured: | Clydelynn Mitchell | Home: (817) 557-0389 |
| Property: | 3420 Pueblo Ridge | Business: (817) 568-5710 |
| | Grand Prairie, TX 75052-7869 | Cellular: (936) 332-3051 |

| | | |
|---|---|---|
| Claim Rep.: | BC Claim Services | Business: (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | |
| | Denton, TX 76208 | |

| | | |
|---|---|---|
| Estimator: | BC Claim Services | Business: (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | |
| | Denton, TX 76208 | |

**Member Number:** 43534L37      **Policy Number:** 58-B8-G884-9      **L/R Number:**
**Type of Loss:**                 **Cause of Loss:**

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Dwelling | $0.00 | $0.00 |
| Other Structures | $0.00 | $0.00 |
| Contents | $0.00 | $0.00 |

| | |
|---|---|
| Date of Loss: | Date Received: |
| Date Inspected: | Date Entered: 11/6/2014 9:28 PM |

Price List:    TXDF7X_NOV14
               Restoration/Service/Remodel

## Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total | | | 12,225.69 |
| Material Sales Tax | @ | 8.250% | 305.09 |
| Subtotal | | | 12,530.78 |
| Overhead | @ | 10.0% | 1,253.13 |
| Profit | @ | 10.0% | 1,253.13 |
| **Replacement Cost Value** | | | **$15,037.04** |
| **Net Claim** | | | **$15,037.04** |

BC Claim Services

Please contact our adjuster if you believe a supplement to this estimate is needed. Before we will consider a supplement to this estimate, we must have the opportunity to re-inspect the damages prior to the supplemental work being done.



## BC Claim Service

Clydelynn Mitchell                                                                        11/6/2014          Page: 2

| | | | |
|---|---|---|---|
| * | Insured: | Clydelynn Mitchell | Home: (817) 557-0389 |
| | Property: | 3420 Pueblo Ridge | Business: (817) 568-5710 |
| | | Grand Prairie, TX 75052-7869 | Cellular: (936) 332-3051 |

| | | |
|---|---|---|
| Claim Rep.: | BC Claim Services | Business: (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | |
| | Denton, TX 76208 | |

| | | |
|---|---|---|
| Estimator: | BC Claim Services | Business: (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | |
| | Denton, TX 76208 | |

**Member Number:** 43534L37          **Policy Number:** 58-B8-G884-9          **L/R Number:**
**Type of Loss:**                              **Cause of Loss:**

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Dwelling | $0.00 | $0.00 |
| Other Structures | $0.00 | $0.00 |
| Contents | $0.00 | $0.00 |

Date of Loss:                          Date Received:
Date Inspected:                       Date Entered:    11/6/2014 9:28 PM

Price List:    TXDF7X_NOV14
               Restoration/Service/Remodel

## Summary for Other Structures

| | | | |
|---|---|---|---|
| Line Item Total | | | 3,480.19 |
| Material Sales Tax | @ | 8.250% | 103.41 |
| Subtotal | | | 3,583.60 |
| Overhead | @ | 10.0% | 358.36 |
| Profit | @ | 10.0% | 358.36 |
| **Replacement Cost Value** | | | **$4,300.32** |
| **Net Claim** | | | **$4,300.32** |

BC Claim Services

Please contact our adjuster if you believe a supplement to this estimate is needed. Before we will consider a supplement to this estimate, we must have the opportunity to re-inspect the damages prior to the supplemental work being done.

## BC Claim Service

Clydelynn Mitchell                                              11/6/2014           Page: 3

| | | | |
|---|---|---|---|
| Insured: | Clydelynn Mitchell | Home: | (817) 557-0389 |
| Property: | 3420 Pueblo Ridge | Business: | (817) 568-5710 |
| | Grand Prairie, TX 75052-7869 | Cellular: | (936) 332-3051 |
| | | | |
| Claim Rep.: | BC Claim Services | Business: | (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | | |
| | Denton, TX 76208 | | |
| | | | |
| Estimator: | BC Claim Services | Business: | (214) 354-0957 |
| Business: | 4601 Dogwood Dr. | | |
| | Denton, TX 76208 | | |

**Member Number:** 43534L37        **Policy Number:** 58-B8-G884-9        **L/R Number:**
**Type of Loss:**                          **Cause of Loss:**

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Dwelling | $0.00 | $0.00 |
| Other Structures | $0.00 | $0.00 |
| Contents | $0.00 | $0.00 |

| | | |
|---|---|---|
| Date of Loss: | Date Received: | |
| Date Inspected: | Date Entered: | 11/6/2014 9:28 PM |

Price List:      TXDF7X_NOV14
                 Restoration/Service/Remodel

## Summary for Contents

| | |
|---|---|
| Line Item Total | 0.00 |
| **Replacement Cost Value** | **$0.00** |
| **Net Claim** | **$0.00** |

BC Claim Services

Please contact our adjuster if you believe a supplement to this estimate is needed. Before we will consider a supplement to this estimate, we must have the opportunity to re-inspect the damages prior to the supplemental work being done.

**BC Claim Service**

Clydelynn Mitchell                                                                                   11/6/2014            Page: 4

MITCHELL_CLYDELYNN

Coverage A

Roof

| CAT | SEL | DESCRIPTION | | | | |
|-----|-----|-------------|--|--|--|--|
| | CALC | QNTY | UNIT PRICE | RCV | DEPREC. | ACV |
| RFG | 240 | Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | | | | |
| | 33.7 | 33.70 SQ | 37.36 | 1,259.03 | (0.00) | 1,259.03 |
| RFG | 240 | 3 tab - 25 yr. - composition shingle roofing - incl. felt | | | | |
| | 33.7*1.15 | 38.76 SQ | 157.14 | 6,090.75 | (0.00) | 6,090.75 |
| 15% waste added for hip roof | | | | | | |
| RFG | ASTR- | Asphalt starter - universal starter course | | | | |
| | 181 | 181.00 LF | 1.31 | 237.11 | (0.00) | 237.11 |
| RFG | FLPIPE | R&R Flashing - pipe jack | | | | |
| | 6 | 6.00 EA | 29.39 | 176.34 | (0.00) | 176.34 |
| RFG | VENTT | R&R Roof vent - turtle type - Metal | | | | |
| | 5 | 5.00 EA | 45.05 | 225.25 | (0.00) | 225.25 |
| HVC | VENTCP5 | R&R Furnace vent - rain cap and storm collar, 5" | | | | |
| | 3 | 3.00 EA | 57.90 | 173.70 | (0.00) | 173.70 |
| PNT | VENT | Prime & paint roof vent | | | | |
| | 9 | 9.00 EA | 22.99 | 206.91 | (0.00) | 206.91 |
| RFG | RIDGC | R&R Ridge cap - composition shingles | | | | |
| | 164 | 164.00 LF | 4.88 | 800.32 | (0.00) | 800.32 |
| RFG | DRIP | R&R Drip edge | | | | |
| | 260 | 260.00 LF | 1.69 | 439.40 | (0.00) | 439.40 |
| PNT | TRIM | Seal & paint trim - two coats | | | | |
| | 260 | 260.00 LF | 0.90 | 234.00 | (0.00) | 234.00 |
| Paint drip edge to match existing | | | | | | |
| RFG | VMTL | R&R Valley metal | | | | |
| | 46 | 46.00 LF | 3.98 | 183.08 | (0.00) | 183.08 |
| ELS | DISHRS | Digital satellite system - Detach & reset | | | | |
| | 1 | 1.00 EA | 24.88 | 24.88 | (0.00) | 24.88 |
| ELS | DISHA | Digital satellite system - alignment and calibration only | | | | |
| | 1 | 1.00 EA | 74.65 | 74.65 | (0.00) | 74.65 |
| RFG | STEP | Step flashing | | | | |
| | 13 | 13.00 LF | 6.35 | 82.55 | (0.00) | 82.55 |
| RFG | FLCH | R&R Chimney flashing - average (32" x 36") | | | | |
| | 1 | 1.00 EA | 239.44 | 239.44 | (0.00) | 239.44 |
| RFG | STEEP | Remove Additional charge for steep roof - 7/12 to 9/12 slope | | | | |
| | 33.7 | 33.70 SQ | 9.29 | 313.07 | (0.00) | 313.07 |
| RFG | STEEP | Additional charge for steep roof - 7/12 to 9/12 slope | | | | |
| | 33.7 | 33.70 SQ | 24.57 | 828.01 | (0.00) | 828.01 |
| RFG | HIGH | Remove Additional charge for high roof (2 stories or greater) | | | | |
| | 33.7 | 33.70 SQ | 3.51 | 118.29 | (0.00) | 118.29 |
| RFG | HIGH | Additional charge for high roof (2 stories or greater) | | | | |
| | 33.7 | 33.70 SQ | 10.85 | 365.65 | (0.00) | 365.65 |

**BC Claim Service**

Clydelynn Mitchell                                                    11/6/2014        Page: 5

**CONTINUED - Roof**

| CAT | SEL | DESCRIPTION | | RCV | DEPREC. | ACV |
|-----|-----|-------------|--|-----|---------|-----|
| | CALC | QNTY | UNIT PRICE | | | |
| **Totals: Roof** | | | | 12,072.43 | 0.00 | 12,072.43 |

| CAT | SEL | Exterior<br>DESCRIPTION | | RCV | DEPREC. | ACV |
|-----|-----|-------------|--|-----|---------|-----|
| | CALC | QNTY | UNIT PRICE | | | |
| HVC | ACFINS | Comb and straighten a/c condenser fins - with trip charge | | | | |
| | 1 | 1.00 EA | 153.26 | 153.26 | (0.00) | 153.26 |
| **Totals: Exterior** | | | | 153.26 | 0.00 | 153.26 |

| CAT | SEL | Interior<br>DESCRIPTION | | RCV | DEPREC. | ACV |
|-----|-----|-------------|--|-----|---------|-----|
| | CALC | QNTY | UNIT PRICE | | | |
| No interior damages | | | | | | |
| **Totals: Interior** | | | | 0.00 | 0.00 | 0.00 |
| **Total: Coverage A** | | | | 12,225.69 | 0.00 | 12,225.69 |

**Coverage B**

| CAT | SEL | Fence<br>DESCRIPTION | | RCV | DEPREC. | ACV |
|-----|-----|-------------|--|-----|---------|-----|
| | CALC | QNTY | UNIT PRICE | | | |
| FEN | WDF6T | R&R Wood fence 5'- 6' high - treated | | | | |
| | 143'9" | 143.75 LF | 24.21 | 3,480.19 | (0.00) | 3,480.19 |
| **Totals: Fence** | | | | 3,480.19 | 0.00 | 3,480.19 |
| **Total: Coverage B** | | | | 3,480.19 | 0.00 | 3,480.19 |

**BC Claim Service**

Clydelynn Mitchell                                                    11/6/2014              Page: 6

**Line Item Totals: MITCHELL_CLYDELYNN**              **15,705.88**              **0.00**              **15,705.88**

| Coverage | Item Total | % | ACV Total | % |
|----------|-----------:|------:|----------:|------:|
| Dwelling | 12,225.69 | 77.84% | 15,037.04 | 77.76% |
| Other Structures | 3,480.19 | 22.16% | 4,300.32 | 22.24% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 15,705.88 | 100.00% | 19,337.36 | 100.00% |

**BC Claim Service**

Clydelynn Mitchell                                    11/6/2014              Page: 7

## Recap by Room

**Estimate: MITCHELL_CLYDELYNN**

**Area: Coverage A**

| | | | | |
|---|---|---|---|---|
| Roof | | | **12,072.43** | **76.87%** |
| Coverage: Dwelling | 100.00% = | | 12,072.43 | |
| Exterior | | | **153.26** | **0.98%** |
| Coverage: Dwelling | 100.00% = | | 153.26 | |
| **Area Subtotal:  Coverage A** | | | **12,225.69** | **77.84%** |
| Coverage: Dwelling | 100.00% = | | 12,225.69 | |

**Area: Coverage B**

| | | | | |
|---|---|---|---|---|
| Fence | | | **3,480.19** | **22.16%** |
| Coverage: Other Structures | 100.00% = | | 3,480.19 | |
| **Area Subtotal:  Coverage B** | | | **3,480.19** | **22.16%** |
| Coverage: Other Structures | 100.00% = | | 3,480.19 | |

| | | | | |
|---|---|---|---|---|
| **Subtotal of Areas** | | | **15,705.88** | **100.00%** |
| Coverage: Dwelling | 77.84% = | | 12,225.69 | |
| Coverage: Other Structures | 22.16% = | | 3,480.19 | |

| | | | | |
|---|---|---|---|---|
| **Total** | | | **15,705.88** | **100.00%** |

## BC Claim Service

Clydelynn Mitchell

11/6/2014        Page: 8

## Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---|---|
| **ELECTRICAL - SPECIAL SYSTEMS** | | | **99.53** | **0.51%** |
| Coverage: Dwelling | @ | 100.00% = | 99.53 | |
| **FENCING** | | | **3,480.19** | **18.00%** |
| Coverage: Other Structures | @ | 100.00% = | 3,480.19 | |
| **HEAT, VENT & AIR CONDITIONING** | | | **326.96** | **1.69%** |
| Coverage: Dwelling | @ | 100.00% = | 326.96 | |
| **PAINTING** | | | **440.91** | **2.28%** |
| Coverage: Dwelling | @ | 100.00% = | 440.91 | |
| **ROOFING** | | | **11,358.29** | **58.74%** |
| Coverage: Dwelling | @ | 100.00% = | 11,358.29 | |
| **O&P Items Subtotal** | | | **15,705.88** | **81.22%** |
| **Material Sales Tax** | @ | **8.250%** | **408.50** | **2.11%** |
| Coverage: Dwelling | @ | 74.69% = | 305.09 | |
| Coverage: Other Structures | @ | 25.31% = | 103.41 | |
| **Overhead** | @ | **10.0%** | **1,611.49** | **8.33%** |
| Coverage: Dwelling | @ | 77.76% = | 1,253.13 | |
| Coverage: Other Structures | @ | 22.24% = | 358.36 | |
| **Profit** | @ | **10.0%** | **1,611.49** | **8.33%** |
| Coverage: Dwelling | @ | 77.76% = | 1,253.13 | |
| Coverage: Other Structures | @ | 22.24% = | 358.36 | |
| **Total** | | | **19,337.36** | **100.00%** |

**BC Claim Service**

Clydelynn Mitchell                                      11/6/2014          Page: 9

1   Front of RIsk
    Date Taken: 10/25/2014
    Taken By: BC Claim Services

    Front of Risk



2   Roof Overview
    Date Taken: 10/25/2014
    Taken By: BC Claim Services

    Overview of Roof - Wind damage to
    shingles on this slope



**BC Claim Service**

Clydelynn Mitchell                                                    11/6/2014          Page: 10

3    Roof Overview
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Overview of Roof - Wind damage to
     shingles on this slope



4    Roof Overview
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Overview of Roof - Wind damage to
     shingles on this slope



5    Roof Overview
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Overview of Roof - Wind damage to
     shingles on this slope



6    Roof Overview
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Overview of Roof - Wind damage to
     shingles on this slope



**BC Claim Service**

Clydelynn Mitchell                                                    11/6/2014          Page: 12

7    Wind Damage
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Wind damage to shingles on front
     slope



8    Wind Damage
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Wind damage to shingles on left slope



**BC Claim Service**

Clydelynn Mitchell                                        11/6/2014          Page: 13

9    Wind Damage
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Wind damage to shingles on right
     slope



10   Wind Damage
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Wind damage to shingles on back
     slope



**BC Claim Service**

Clydelynn Mitchell

11/6/2014          Page: 14

11   A/C
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Hail damage to a/c



12   A/C
     Date Taken: 10/25/2014
     Taken By: BC Claim Services

     Hail damage to a/c



**BC Claim Service**

Clydelynn Mitchell

11/6/2014          Page: 15

13   Fence
Date Taken: 10/25/2014
Taken By: BC Claim Services

Wind damage to fence



14   Fence
Date Taken: 10/25/2014
Taken By: BC Claim Services

Wind damage to fence



Clydelynn Mitchell

**BC Claim Service**

11/6/2014          Page: 16

15   Fence
  Date Taken: 10/25/2014
  Taken By: BC Claim Services

  Wind damage to fence

